IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHALMERS A. SIMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OWNER OF DOLLAR TREE STORE, ET AL. | : | NO. 09-6162 |

MEMORANDUM

**Padova, J.**                                                                                                      **August 23, 2010**

*Pro se* Plaintiff Chalmers Simpson brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights arising from his May 21, 2009 arrest and subsequent state court prosecution for retail theft in case no. CR-2443-2009 (Chester County Ct. of Common Pleas). We initially denied Plaintiff's petition to proceed *in forma pauperis* and closed this case, because Plaintiff did not file a certified copy of his prisoner account statement for the six-month period prior to the filing of this action. After Plaintiff filed the requisite account statement, we issued an Order notifying Plaintiff that, if his petition were granted, he would still have to pay the $350 filing fee. Simpson v. Owner of Dollar Tree Store, et al., Civ. A. No. 09-6162 (E.D. Pa. Jan. 22, 2010) (order). Our Order gave Plaintiff 20 days to notify the Court whether he wanted to proceed and pay the filing fee. Our Order also warned Plaintiff that this action could be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2), even if he paid the filing fee. Plaintiff did not notify the Court in a timely manner that he wished to proceed and this case remained closed. Plaintiff has since filed a "Motion to Proceed With Action and Pay Filing Fees." We have conducted the screening of Plaintiff's Complaint required by 28 U.S.C. §§ 1915(e) and 1915A. For the following reasons we grant Plaintiff's "Motion to Proceed With Action and Pay Filing Fees" and dismiss the Complaint with leave to file an amended complaint against certain Defendants.

**I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is presently incarcerated by the Commonwealth of Pennsylvania at the State Correctional Institute at Camp Hill, Pennsylvania. The Complaint asserts claims pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights arising from his May 21, 2009 arrest and incarceration on one count of retail theft, pursuant to 18 Pa. Cons. Stat. Ann. § 3929(a)(1). (Complaint Part II(2).)[1] The Complaint alleges claims against the owner of the Dollar Tree Store located at 400 Commons Drive, West Sadsbury Township, Parkesburg, Pennsylvania (also referred to in the Complaint simply as the "Dollar Tree Store"); store employee Sue Singleton; the Parkesburg Police Department; Parkesburg Police Officers Amber L. Smith and Alan Manning; the Coatesville Police Department; and Coatesville Police Officers MacElroy, "John Doe Officer White," "John Doe Heavier Officer Black," and "John Doe Officer." (Compl. Ex. A.)

The Complaint alleges that, on May 21, 2009, Plaintiff was falsely arrested by Coatesville Police Officers following an illegal traffic stop of a vehicle in which Plaintiff was a passenger. (Compl. Part II(2).) Coatesville Police Officer MacElroy and another officer forced Plaintiff and the driver from the vehicle, threw them against the vehicle, and searched them. (Id.) The Police Officers did not issue any traffic citations to the driver. (Id.) The Police Officers arrested Plaintiff, but refused to show him a copy of the warrant for his arrest. (Id.)

Plaintiff was detained at the Chester County Prison from May 21, 2009 through December 2009 on a false charge of retail theft pursuant to 18 Pa. Cons. Stat. Ann. § 3929(a)(1). (Id.) The complaint underlying Plaintiff's arrest states that Sue Singleton, an employee of the Dollar Tree Store, reported an alleged crime on May 1, 2009. (Id.) Although the police stopped someone in

---

[1]The Complaint was prepared using a standard form, to which Plaintiff has attached several additional pages. Part II(2) of the Complaint contains the majority of Plaintiff's factual allegations and claims for relief. Part II(2) is three pages long and has not been divided into separately numbered paragraphs.

2

connection with that crime on May 1, 2009, no one was arrested at that time. (Id.) A preliminary hearing was held on June 19, 2009. (Id.) During the hearing, Sue Singleton described the person who committed the theft as an African-American male wearing black pants who was at least 6'2" tall. (Id.) Plaintiff is 5'9" tall. (Id.) The charge against Plaintiff was dismissed on December 2, 2009. (Id.)

The Complaint asserts claims against all Defendants for violation of Plaintiff's Fourth and Fourteenth Amendment rights based on Plaintiff's false arrest, false imprisonment and malicious prosecution. (Compl. ¶ 3 and Part II(2).) Plaintiff seeks monetary damages as follows: $5,000,000 from the Dollar Tree Store; $100,000 from Sue Singleton; $1,000,000 from the Parkesburg Police Department; $100,000 from Police Officer Amber Smith; $100,000 from Police Officer Alan Manning; $1,000,000 from the Coatesville Police Department; $1,000,000 from Police Officer MacElroy; $1,000,000 from "John Doe Officer White;" $1,000,000 from "John Doe Heavier Officer Black;" and $1,000,000 from "John Doe Officer."

## II.  LEGAL STANDARD

Plaintiff is a prisoner of the Commonwealth of Pennsylvania and seeks redress from governmental entities and officers and employees of governmental entities. We are thus required to review his Complaint, "before docketing, if feasible. . . ." See 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Two of the Defendants listed in the Complaint, Sue Singleton and the Dollar Tree Store, are not alleged to be officers or employees of any governmental entity. To the extent that we are not required to screen claims asserted against private citizens pursuant to § 1915A, we

are required to perform the same review of claims against non-governmental entities, officials and employees by 28 U.S.C. § 1915, because Plaintiff filed this action *in forma pauperis*. See 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.") A claim is frivolous if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). We review the sufficiency of the pleadings under § 1915(e)(2)(B) and § 1915A using the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Walker v. Hensley, Civ. A. No. 08-685, 2009 WL 5064357, at *4 (E.D. Pa. Dec. 23, 2009) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B) and Section 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion." (citing Allah v. Seiverling, 229 F. 3d 220, 223 (3d Cir. 2000), and Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999))).

When considering a motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6), we look primarily at the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v.

4

Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement.' but it acts for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 1235-36 (3d ed. 2004)).

## III. DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan,

443 U.S. 137, 145 n.3 (1979)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

    A.    <u>The Dollar Tree and Employee Sue Singleton</u>

The Complaint does not allege that either the Dollar Tree Store or Sue Singleton are government employees, officials, or agents. Private parties may be liable under 42 U.S.C. § 1983 only when they have acted under color of state law:

> Although private parties may cause the deprivation of rights, they may only be subjected to liability under § 1983 when they do so under color of state law. Determining whether there has been state action requires an inquiry into whether "there is a sufficiently close nexus between the State and the challenged action so that the challenged action may be fairly treated as that of the State itself."

McCracken v. Ford Motor Co., Civ. A. No. 01-4466, 2001 WL 1526051, at *4 (E.D. Pa. Nov. 27, 2001) (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), and citing Mark, 51 F.3d at 1141). We use the following test to determine whether a private party has acted under color of state law:

> The first question is whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority. The second question is whether, under the facts of this case, respondents, who are private parties, may be appropriately characterized as "state actors." Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982). The Court of Appeals for the Third Circuit has delineated three Lugar sub-tests to determine whether there has been state action: (1) whether the private entity has exercised powers that

6

> are traditionally in the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials, and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity. Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995).

Id. at *4 n.8. The Complaint does not allege that Ms. Singleton or the Dollar Tree Store exercised any powers which are traditionally in the exclusive prerogative of the state; that Ms. Singleton or the Dollar Tree Store acted with the help of, or in concert with, state officials; or that Coatesville, Parkesburg, or West Sadsbury Township acted as a joint participant with Ms. Singleton or the Dollar Tree Store. We find, accordingly, that the Complaint does not allege that Ms. Singleton or the Dollar Tree Store acted under color of state law so as to subject them to liability pursuant to § 1983. We conclude that the Complaint thus fails to allege a claim against either Ms. Singleton or the Dollar Tree Store upon which relief may be granted, and they are dismissed as Defendants to this action.

### B. The Parkesburg and Coatesville Police Departments

A municipal police department cannot be sued separately from the municipality of which it is a part because it is not a separate independent entity. See DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (citations omitted); see also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability." (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 671 n.7 (3d Cir. 1988))). Therefore, we treat the claims asserted against the Parkesburg and Coatesville Police Departments as though they were asserted against the cities of Parkesburg and Coatesville.

A municipality may only be liable under § 1983 when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the

governing body or informally adopted by custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978). A municipal policy is defined as a "'statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers.'" Simmons v. City of Philadelphia, 947 F.2d 1042, 1059 (3d Cir. 1991) (quoting Monell, 436 U.S. at 690). A municipal custom consists of "'such practices of state officials . . . [as are] so permanent and well settled as to constitute a custom or usage with the force of law.'" Id. (quoting Monell, 436 U.S. at 691).

Once a policy or custom is identified, a plaintiff must establish that the municipality maintained the policy or custom with "deliberate indifference" to the constitutional deprivations that the policy or custom caused. City of Canton v. Harris, 489 U.S. 378, 389 (1989) see also Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996) (stating that the "deliberate indifference" standard, though originally created in the context of a "failure to train" claim, has been applied to other claims of municipal liability based on policy or custom). Deliberate indifference may be established by evidence that policymakers were aware of the constitutional deprivations and of the alternatives for preventing them, "but either deliberately choose not to pursue these alternatives or acquiesced in a long-standing policy or custom of inaction in this regard." Simmons, 947 F.2d at 1064 (footnote omitted); see also Bd. of County Comm'rs v. Brown, 520 U.S. 397, 407 (1997) ("If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action - the 'deliberate indifference' - necessary to trigger municipal liability." (citing City of Canton, 489 U.S. at 390 n.10)). In addition, a plaintiff must also prove that the municipal policy or custom was "the proximate cause of the injuries

suffered." Beck, 89 F.3d at 972 n.6 (citation omitted). The United States Court of Appeals for the Third Circuit has explained that "[a] sufficiently close causal link between . . . a known but uncorrected custom or usage and a specific violation is established if occurrence of the specific violation was made reasonably probable by permitted continuation of the custom." Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir. 1990) (quotation omitted).

Reading the allegations of this Complaint in the light most favorable to the Plaintiff we find that they do not allege any of the required elements of a Monell claim: (1) a municipal policy or custom that results in constitutional infringement; (2) a widespread pattern of deliberate indifference or a failure to adequately and properly train or supervise Parkesburg or Coatesville police officers; and (3) a resulting denial of Plaintiff's constitutional rights. We conclude, accordingly, that the Complaint fails to state a claim against either Parkesburg or Coatesville upon which relief may be granted and they, as well as their Police Departments, are dismissed as Defendants to this action.

      C.     The Police Officer Defendants

The remaining Defendants in this case are all police officers. Amber Smith and Alan Manning are alleged to be officers with the Parkesburg Police Department. Officer MacElroy, "John Doe Officer White," "John Doe Heavier Officer Black," and "John Doe Officer" are alleged to be officers with the Coatesville Police Department. The Complaint alleges that Plaintiff was arrested without a warrant on a retail theft charge and imprisoned and prosecuted in connection with that charge, despite the complainant's failure to identify Plaintiff as the individual who committed the retail theft at the Dollar Tree Store on May 1, 2009. However, the Complaint does not allege that Police Officer Smith, Police Officer Manning, "John Doe Officer White," or "John Doe Heavier Officer Black" had any connection to Plaintiff's arrest, imprisonment or incarceration. Indeed, the Complaint does not allege that Plaintiff had any contact with any of these police officers. We

conclude, accordingly, that the Complaint fails to state a claim against Police Officer Smith, Police Officer Manning, "John Doe Officer White," or "John Doe Heavier Officer Black" upon which relief may be granted and these individuals are dismissed as Defendants to this action.

The Complaint does allege that Police Officer MacElroy and another police officer, who we assume is "John Doe Officer," arrested Plaintiff without a warrant and, as a result, Plaintiff was imprisoned and prosecuted in violation of his Fourth and Fourteenth Amendment rights. The Fourth Amendment guarantees the right of persons to be secure from "unreasonable searches and seizures" and provides that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. In order to state a claim for malicious prosecution in violation of the Fourth Amendment, a plaintiff must allege that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 81-82 (3d. Cir. 2007) (footnote omitted) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d. Cir. 2003)). A claim for false arrest in violation of the Fourth Amendment is different from a malicious prosecution claim in that "'[a] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.'" Id. (quoting Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998), and citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)). A claim for false imprisonment in violation of the Fourth Amendment is similar to a claim for false arrest, and is "based on the Fourteenth Amendment protection against deprivations of liberty without due process

10

of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (citing Baker, 443 U.S. 137); see also Wallace v. Kato, 549 U.S. 384, 388-89 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). Where an individual was arrested without probable cause, he "has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman, 47 F.3d at 636 (citing Thomas v. Kippermann, 846 F.2d 1009, 1011 (5th Cir. 1988)).

The Complaint alleges that Plaintiff was arrested without a warrant and that he was imprisoned and prosecuted on false, unsupported charges. The allegations do not state all of the elements for claims for false arrest, false imprisonment, or malicious prosecution under the Fourth and Fourteenth Amendments. However, since Plaintiff has alleged some of the facts required to state such claims, we will give Plaintiff the opportunity to file an amended complaint that alleges sufficient facts to state § 1983 claims for false arrest, malicious prosecution, and false imprisonment in violation of the Fourth and Fourteenth Amendments against Police Officer MacElroy and "John Doe Officer."[2]

## IV. CONCLUSION

---

[2] "[I]n civil rights cases, district courts must offer amendment -- irrespective of whether it was requested -- when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). In assessing futility, we apply the same standard of legal sufficiency as applies under Rule 12(b)(6). Id. (citation omitted). Plaintiff is clearly unable to assert claims against The Dollar Tree Store, Sue Singleton, the Parkesburg Police Department, the Coatesville Police Department, Police Officer Amber Smith, Police Officer Alan Manning, "John Doe Officer White," and "John Doe Heavier Officer Black" upon which relief may be granted. We conclude that amendment of Plaintiff's claims against these Defendants would be futile and Plaintiff's claims against these Defendants are dismissed with prejudice. Since Plaintiff has alleged some facts which may support claims against Police Officer MacElroy and "John Doe Officer," we will allow him to file an amended complaint asserting claims against these two Defendants.

For the reasons stated above, we conclude that the Complaint fails to allege facts sufficient to state a claim upon which relief may be granted against the Dollar Tree Store, Sue Singleton, the Parkesburg Police Department, the Coatesville Police Department, Police Officer Amber Smith, Police Officer Alan Manning, "John Doe Officer White," and "John Doe Heavier Officer Black." The claims against these Defendants are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and these Defendants are dismissed as Defendants to this action.

Plaintiff's claims of false arrest, malicious prosecution, and false imprisonment in violation of the Fourth and Fourteenth Amendments against Police Officer MacElroy and "John Doe Officer" are dismissed without prejudice to Plaintiff filing an amended complaint that alleges facts sufficient to support of all the elements of § 1983 claims against Police Officer MacElroy and "John Doe Officer." Plaintiff may file an amended complaint, asserting claims pursuant to Section 1983 against against Police Officer MacElroy and "John Doe Officer" for false arrest, false imprisonment and malicious prosecution in violation of the Fourth and Fourteenth Amendments. The amended complaint may not add any additional claims or assert claims against any other Defendant. Plaintiff must plead specific, separately numbered, fact paragraphs in his amended complaint and the amended complaint should describe, as legibly, clearly and briefly as possible, the specific events or conditions which violated Plaintiff's constitutional rights.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.