IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHALMERS A. SIMPSON | : | CIVIL ACTION |
| v. | : | |
| OWNER OF DOLLAR TREE STORE, ET AL. | : | NO. 09-6162 |

MEMORANDUM

**Padova, J.**                                                                                                                                                         **January 19, 2011**

*Pro se* Plaintiff Chalmers Simpson brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights arising from his May 21, 2009 arrest and subsequent state court prosecution for retail theft in case no. CR-2443-2009 (Chester County Ct. of Common Pleas). We dismissed Plaintiff's initial Complaint with leave to file an amended complaint against certain Defendants on August 23, 2010. Presently before the Court are Plaintiff's "Motion to Amend Complaint" and "Motion to File Amended Complaint." Since our August 23, 2010 Order granted Plaintiff leave to file an Amended Complaint, he did not need to file a Motion to Amend Complaint and that Motion is, accordingly, dismissed as frivolous. The document titled "Motion to File Amended Complaint" is actually Plaintiff's Amended Complaint and we will, henceforth, refer to it as the Amended Complaint. We have conducted the screening of the Amended Complaint required by 28 U.S.C. § 1915(e), and for the following reasons, the Amended Complaint is dismissed in part.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is presently incarcerated by the Commonwealth of Pennsylvania at the State Correctional Institute at Pine Grove in Indiana, Pennsylvania. His initial Complaint in this action asserted claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights arising from his May 21, 2009 arrest and incarceration on one count of retail theft, pursuant to 18 Pa. Cons. Stat.

Ann. § 3929(a)(1), and one count of receiving stolen merchandise, pursuant to 18 Pa. Cons. Stat. Ann. § 3925(a). That first Complaint alleged claims against the owner of the Dollar Tree Store located in Parkesburg, Pennsylvania; the Dollar Tree Store; store employee Sue Singleton; the Parkesburg Police Department; Parkesburg Police Officers Amber L. Smith and Alan Manning; the Coatesville Police Department; and Coatesville Police Officers MacElroy, "John Doe Officer White," "John Doe Heavier Officer Black," and "John Doe Officer." After conducting the screening of that Complaint required by 28 U.S.C. §§ 1915(e) and 1915A, we dismissed, with prejudice, Plaintiff's claims against the Owner of the Dollar Tree Store, the Dollar Tree Store, Sue Singleton, the Parkesburg Police Department, the Coatesville Police Department, Police Officer Amber Smith, Police Officer Alan Manning, "John Doe Officer White," and "John Doe Heavier Officer Black." We also dismissed Plaintiff's claims against Police Officer MacElroy and "John Doe Officer" without prejudice to Plaintiff filing an amended complaint alleging facts sufficient to support all of the elements of claims under 42 U.S.C. § 1983 against those two police officers for false arrest, false imprisonment, and malicious prosecution in violation of the Fourth and Fourteenth Amendments.

The Amended Complaint alleges that Plaintiff was a passenger in a car traveling west on Olive Street in Coatesville, Pennsylvania on May 21, 2009. (Am. Compl. ¶¶ 1-2.) The car was stopped by Coatesville Police Officer McCarthy and Coatesville Police Officer Larry Cooper.[1] (Id. ¶ 1.) Once the car was stopped, Police Officers McCarthy and Cooper forced Plaintiff and the driver

---

[1] Plaintiff states, in his Motion to Amend Complaint, that he named Police Officer McCarthy as MacElroy and Police Officer Cooper as John Doe Officer in his initial Complaint. We understand Plaintiff to be asking for leave to substitute Police Officer McCarthy for Defendant Police Officer MacElroy and to substitute Police Officer Cooper for Defendant John Doe Officer. This request is granted and the caption of this action will be changed to reflect the correct names of these individuals.

out of car and searched them.  (Id. ¶ 3.)  The Police Officers also handcuffed Plaintiff.  (Id. ¶ 3.)  Plaintiff asked to see the warrant for his arrest, but the Police Officers refused to show it to him.  (Id. ¶ 4.)  The Police Officers allowed the driver of the car to leave, and did not issue any traffic citations in connection with the stop.  (Id. ¶ 5.)

Plaintiff was taken to the Coatesville Police Department and his bail was set at $5,000.  (Id. ¶¶ 6-7.)  He was denied the right to a probable cause hearing following his arrest.  (Id. ¶ 9.)  Plaintiff was detained at the Chester County Prison from May 21, 2009 until December 2, 2009.  (Id. ¶¶ 10, 12.)  On December 2, 2009, District Attorney Ann Marie Wheatcraft informed Judge Anthony A. Scarcione that the Commonwealth had decided to withdraw the charges against Plaintiff because "there was no evidence of a crime [having] taken place."  (Id. ¶¶ 13-14.)

The Amended Complaint asserts claims pursuant to 42 U.S.C. § 1983 against Police Officer McCarthy and Police Officer Cooper for illegal search, false arrest, false imprisonment, and malicious prosecution in violation of the Fourth and Fourteenth Amendments.  The Amended Complaint also asserts a claim pursuant to § 1983 against these two Defendants for illegal search and seizure pursuant to Article I, Section 8 of the Pennsylvania Constitution.  Plaintiff seeks monetary damages of $1,000,000 from each Defendant.

## II.     LEGAL STANDARD

Plaintiff is a prisoner of the Commonwealth of Pennsylvania and seeks redress from employees of governmental entities.  We are thus required to review his Complaint, "before docketing, if feasible . . . ."  See 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

3

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). We review the sufficiency of the pleadings under § 1915A using the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Walker v. Hensley, Civ. A. No. 08-685, 2009 WL 5064357, at *4 (E.D. Pa. Dec. 23, 2009) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to . . . Section 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion." (citing Allah v. Seiverling, 229 F. 3d 220, 223 (3d Cir. 2000), and Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999))).

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (citation omitted) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed.

R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III.  DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that § 1983 "creates no substantive rights; it merely provides remedies for deprivations of

rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)).  Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

      A.      The Pennsylvania Constitution

Our August 23, 2010 Order permitting Plaintiff to file an amended complaint instructed Plaintiff that he could include only claims brought against Police Officers MacElroy and John Doe (now known to be Police Officers McCarthy and Cooper) under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution in violation of the Fourth and Fourteenth Amendments and stated that "[t]he amended complaint may not add any additional claims . . . ." (8/23/10 Order at 2.)  Nonetheless, Plaintiff has added a claim to the Amended Complaint for violation of his rights under Article I, Section 8 of the Pennsylvania Constitution.  Such a claim cannot be brought pursuant to § 1983 because that statute only provides "remedies for deprivations of rights established in the Constitution or federal laws."  Kaucher, 455 F.3d at 423.  Moreover, Plaintiff may not assert a claim directly pursuant to Article I, Section 8 of the Pennsylvania Constitution, because there is no authority that would permit a private right of action for monetary damages for violation of the Pennsylvania Constitution.  See Jones v. City of Philadelphia, 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006) (reversing trial court order permitting Jones to assert a claim against the City of Philadelphia for excessive force in violation of Article I, Section 8 of the Pennsylvania Constitution and holding that "there is no separate cause of action for monetary damages for the use of excessive force in violation of Article I, Section 8 of the Pennsylvania

6

Constitution"); see also Harris v. Paige, Civ. A. No. 08-2126, 2009 WL 3030216, at *4 (E.D. Pa. Sept. 22, 2009) ("[W]e have located no Pennsylvania case which implies a private right of action for damages for state constitutional violations. We have, however, located opinions from the Commonwealth Court of Pennsylvania, as well as from this Court and our sister court, explicitly holding that no such right exists under the Pennsylvania Constitution." (listing cases)). Plaintiff's claim against Defendants for violation of his rights pursuant to Article I, Section 8 of the Pennsylvania Constitution is, accordingly, dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

B. Illegal Search

As we mentioned above, our August 23, 2010 Order limited the Amended Complaint to claims brought pursuant to 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution in violation of the Fourth and Fourteenth Amendments. However, since Plaintiff's claim that he was searched illegally is closely connected to his false arrest claim, we will consider whether the Amended Complaint adequately states a claim pursuant to § 1983 that Plaintiff was searched unreasonably, in violation of the Fourth and Fourteenth Amendments.

The Amended Complaint alleges that Plaintiff was the passenger in a car that was stopped by Police Officers McCarthy and Cooper. (Am. Compl. ¶¶ 1-2.) After stopping the vehicle, the Police Officers forced Plaintiff and the driver from the car and searched them. (Id. ¶ 3.) The Police Officers did not issue any traffic citations in connection with the traffic stop and allowed the driver to leave. (Id. ¶ 5.)

The Fourth Amendment, which has been made applicable to the states by the Fourteenth Amendment, see Baker, 443 U.S. at 142, guarantees "[t]he right of the people to be secure in their

7

persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In order to state a claim for illegal search or seizure in violation of the Fourth Amendment, Plaintiff must show that the actions of the Police Officers (1) constituted a "search" or "seizure" within the meaning of the Fourth Amendment; and (2) were unreasonable in light of the surrounding circumstances. Brower v. County of Inyo, 489 U.S. 593, 597-99 (1989).

We understand Plaintiff to be challenging a search incident to a traffic stop. Consequently, we look to the reasonableness of the stop itself. The "[t]emporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of this provision." Whren v. United States, 517 U.S. 806, 809-10 (1996) (citations omitted). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Id. at 810 (citations omitted). The Amended Complaint alleges that the driver was allowed to leave and that he was not issued any traffic citations. (Am. Compl. ¶ 5.) We conclude that the Amended Complaint alleges facts that, accepted as true, plausibly support the proposition that the Police Officers did not have probable cause to believe that a traffic violation had occurred and, therefore, did not reasonably stop the automobile in which Plaintiff was riding. We conclude, accordingly, that the Amended Complaint contains allegations of fact that support a facially plausible claim that the Police Officers' search of Plaintiff incident to the traffic stop violated the Fourth Amendment. See generally, United States v. Mosely, 454 F.3d 249, 253-56 (3d Cir. 2006) (acknowledging, as a general matter, that if the traffic stop is illegal, a search conducted incident to

that stop will also violate the Fourth Amendment).[2]  Plaintiff's § 1983 claim against Police Officer McCarthy and Police Officer Cooper for violation of his Fourth Amendment rights in connection with their search of Plaintiff following the May 21, 2009 traffic stop therefore survives the screening required by 28 U.S.C. § 1915A.

      C.      <u>False Arrest and False Imprisonment</u>

The Amended Complaint alleges that Plaintiff was arrested on May 21, 2009 and imprisoned from May 21, 2009 until December 2, 2009.  (Am. Compl. ¶¶ 10, 16.)  The Amended Complaint further alleges that Plaintiff was arrested pursuant to a warrant that contained information that was falsified by Police Officers McCarthy and Cooper, that the affidavit of probable cause supporting the warrant contained false information provided by those Police Officers, and that those Police Officers also provided false information to the magistrate who issued the warrant.  (Am. Compl. ¶ 20-21.)

"To establish a Fourth Amendment claim for false arrest, [Plaintiff] must show that [the Police Officers] lacked probable cause to arrest him."  <u>Pollock v. City of Philadelphia</u>, No. 10-2041, 2010 WL 5078003, at *3 (3d Cir. Dec. 14, 2010) (citing <u>Dowling v. City of Philadelphia</u>, 855 F.2d

---

[2]Since the Amended Complaint alleges that both Plaintiff and the driver of the car were searched, but that only Plaintiff was arrested, we understand the Amended Complaint to assert that the search was conducted incident to the traffic stop, not to Plaintiff's subsequent arrest.  To the extent that the Amended Complaint may also be understood to allege that Plaintiff was searched incident to an arrest made without probable cause, such allegations would also support a claim that Plaintiff was unreasonably searched in violation of Fourth and Fourteenth Amendments.  <u>See</u> <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 219 (1973) ("It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." (alteration in original) (internal quotation and citations omitted)).

9

136, 141 (3d Cir. 1988)). A claim for false imprisonment in violation of the Fourth Amendment is similar to a claim for false arrest, and is "grounded in the Fourth Amendment's guarantee against unreasonable seizures." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (citations omitted); see also Wallace v. Kato, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). Where an individual was arrested without probable cause, he "has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman, 47 F.3d at 636 (citing Thomas v. Kippermann, 846 F.2d 1009, 1011 (5th Cir. 1988)).

"[A]n erroneously issued warrant cannot provide probable cause for an arrest," even if the warrant is facially valid. Berg v. County of Allegheny, 219 F.3d 261, 269-70 (3d Cir. 2000) (citing Whitley v. Warden, 401 U.S. 560 (1971)). The Amended Complaint alleges that Plaintiff was arrested based upon a warrant and affidavit of probable cause that contained false information and, therefore, that the warrant was not supported by probable cause. We conclude that the Amended Complaint alleges facts that, accepted as true, would support facially plausible § 1983 claims for false arrest and false imprisonment in violation of the Fourth Amendment. Plaintiff's § 1983 claims against Police Officer McCarthy and Police Officer Cooper for violation of his Fourth Amendment rights in connection with his May 21, 2009 arrest and subsequent imprisonment therefore survive the screening required by 28 U.S.C. § 1915A.

D.  Malicious Prosecution

The Amended Complaint alleges that Plaintiff was held on false charges arising from his May 21, 2009 arrest until December 2, 2009, at which time the District Attorney withdrew the charges against Plaintiff, because there was no evidence that a crime had taken place. (Am. Compl. ¶¶ 10,

10

13-15.) The docket for Plaintiff's state court criminal case, no. CR-2443-2009, shows that he was charged with one count of retail theft pursuant to 18 Pa. Cons. Stat. Ann. § 3929 and one count of receiving stolen merchandise pursuant to 18 Pa. Cons. Stat. Ann. § 3925.[3]  The docket also shows that those charges were nolle prossed on December 2, 2009.

In order to state a claim for malicious prosecution in violation of the Fourth Amendment, a plaintiff must allege that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 81-82 (3d. Cir. 2007) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d. Cir. 2003)).  The Amended Complaint satisfies four of those five elements: (1) Police Officers McCarthy and Cooper initiated Plaintiff's prosecution in case no. 2443-2009; (2) case no. 2443-2009 was nolle prossed; (3) case no. 2443-2009 was initiated without probable cause; and (5) Plaintiff suffered a deprivation of liberty as a consequence of case no. 2443-2009.  The Amended Complaint does not, however, allege any facts that would support the remaining element, that Police Officers McCarthy and Cooper acted maliciously or for a purpose other than bringing Plaintiff to justice.  We conclude that the Amended Complaint does not allege sufficient facts that, accepted as true, would support a facially plausible § 1983 claim for malicious prosecution in violation of the Fourth Amendment against Police Officers McCarthy and Cooper.  Plaintiff's § 1983 claim against

---

[3] Court files and records are public records that may be considered on a motion to dismiss brought pursuant to Rule 12(b)(6).  See Miller v. Cadmus Commc'ns, Civ. A. No. 09-2869, 2010 WL 762312, at *2 (E.D. Pa. Mar. 1, 2010) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994)).

Police Officer McCarthy and Police Officer Cooper for malicious prosecution in violation of the Fourth Amendment is, accordingly, dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

IV. **CONCLUSION**

For the reasons stated above, we concluded that the Amended Complaint alleges sufficient facts to support facially plausible § 1983 claims against Police Officers McCarthy and Cooper for illegal search, false arrest and false imprisonment in violation of the Fourth and Fourteenth Amendments. We further conclude that the Amended Complaint does not allege facially plausible § 1983 claims against these Police Officers for violation of Plaintiff's rights pursuant to Article I, Section 8 of the Pennsylvania Constitution or for malicious prosecution in violation of the Fourth and Fourteenth Amendments. Those claims are, accordingly, dismissed pursuant to 28 U.S.C. § 1915A. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.